# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ANGELA SCARPA, Individually and For Others Similarly Situated, | Case No. |
| v. | JURY TRIAL DEMANDED |
| ELIASSEN GROUP, LLC | |

## COMPLAINT

### SUMMARY

1.      Eliassen Group, LLC. (Eliassen or Defendant) failed to pay Angela Scarpa (Scarpa) and other workers like her, overtime as required by the Fair Labor Standards Act (FLSA) and the Massachusetts Wage Act (MWA).

2.      Instead, Eliassen paid Scarpa and other workers like her, a flat salary for all hours worked, regardless of the fact that she often worked in excess of 40 hours each week.

3.      Scarpa brings this lawsuit to recover unpaid overtime wages and other damages owed under the FLSA.

### JURISDICTION AND VENUE

4.      This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b) because this Action involves a federal question under the FLSA.

5.      The Court has supplemental jurisdiction over the Massachusetts Wage Act claims under 28 U.S.C. § 1367.

6.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claim occurred in this District and Division.

7.      Scarpa resides and worked for Eliassen in Reading, Massachusetts, in this District and Division.

**THE PARTIES**

8.      Scarpa performed work for Eliassen as a salaried onboarding coordinator from approximately July 2017 through approximately October 2019. Her written consent is attached herein as Exhibit A.

9.      Scarpa brings this Action on behalf of herself and other similarly situated workers who were denied overtime by Eliassen.

10.      Scarpa represents at least 2 classes of similarly situated co-workers.

11.      First Scarpa brings this action on behalf of herself and all other similarly situated non-exempt workers employed by Eliassen and who received a salary without an additional overtime compensation.

12.      The class of similarly situated employees sought to be certified as a collective action under the FLSA is defined as:

> **All onboarding coordinators who worked for Eliassen during the past 3 years who were paid a flat salary without any overtime compensation (the Putative Class Members).**

13.      Second, Scarpa represents a class of similarly situated workers under the Massachusetts Wage Act pursuant to Federal Rule of Civil Procedure 23.

14.      The MWA Class is defined as:

> **All onboarding coordinators who worked for Eliassen during the past 3 years in Massachusetts who were paid a flat salary without any overtime compensation (the Massachusetts Workers).**

15.      The members of the FLSA and MWA Classes ("Putative Class Members") can be readily ascertained from Eliassen's records.

16.      Plaintiff seeks conditional and final certification of this Putative Class in this collective action under 29 U.S.C. § 216(b).

17.     Eliassen is a for profit limited liability company organized under the laws of Delaware. Eliassen may be served with process by serving its registered agent, Cogency Global Inc., 45 School Street, Suite 202, Boston, MA 02108.

## COVERAGE UNDER THE FLSA

18.     At all times hereinafter mentioned, Eliassen was and is an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

19.     At all times hereinafter mentioned, Eliassen was and is an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

20.     At all times hereinafter mentioned, Eliassen was and is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has and has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $1,000,000 (exclusive of excise taxes at the retail level which are separately stated).

21.     Eliassen has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or were produced for commerce, such as computers and cell phones.

22.     At all times hereinafter mentioned, Scarpa and the Putative Class Members were engaged in commerce or in the production of goods for commerce per 29 U.S.C. §§ 206-207.

## THE FACTS

23.     Eliassen is an employment and staffing company operating throughout the United States.

24.     To complete its business objectives, Eliassen Group employs personnel, including Plaintiff and Putative Class Members.

25.     Scarpa worked for Eliassen as an onboarding coordinator. Throughout her employment with Eliassen, she was denied her overtime compensation in violation of the FLSA and the MWA and instead received her flat salary.

26.     Scarpa was employed by Eliassen from the beginning of July 2017 until the end of October 2019.

27.     As an onboarding coordinator, Scarpa regularly worked more than 40 hours each week without receiving overtime compensation.

28.     On average, Scarpa estimates that she worked approximately 45 to 60 hours each week.

29.     As an onboarding coordinator, Scarpa performed non-exempt job duties including onboarding new contractors who were working for Eliassen's clients.

30.     Scarpa and the Putative Class Members' job functions were primarily routine in nature, requiring little to no official training, much less a college education or other advanced degree.

31.     Scarpa and the Putative Class Members were subjected to policies and procedures that dictated her day-to-day activities.

32.     Scarpa and the Putative Class Members were denied overtime as a result of Eliassen's illegal pay practice.

33.     Scarpa and Putative Class Members did not have any supervisory or management duties.

34.     To the extent Scarpa and Putative Class Members made "decisions," such decisions do not require the exercise of independent discretion and judgment concerning matters of significance.

35.     Instead, Scarpa and Putative Class Members applied well-established techniques and procedures and used established standards to evaluate any issues.

36.     Scarpa and the Putative Class Members were generally prohibited from varying their job duties outside of the pre-determined parameters.

37.     Scarpa and the Putative Class Members perform substantially similar job duties and are subjected to similar policies and procedures that dictate the day-to-day activities performed by each person.

38.     Scarpa and the Putative Class Members also worked similar hours and were denied overtime because of the same illegal pay practice.

39.     Scarpa and the Putative Class Members regularly worked in excess of 40 hours each week.

40.     Eliassen failed to pay Scarpa and the Putative Class Members overtime for hours worked in excess of 40 hours in a single workweek.

41.     Eliassen knew, or acted with reckless disregard for whether, Scarpa and the Putative Class Members were misclassified as exempt.

42.     Eliassen's failure to pay overtime to these workers was, and is, a willful violation of the FLSA.

43.     Eliassen's failure to pay overtime to these workers was a violation of the MWA.

## CLASS AND COLLECTIVE ACTION ALLEGATIONS

44.     Scarpa incorporates all previous paragraphs and alleges that the illegal pay practices Eliassen imposed on Scarpa were imposed on the Putative Class Members.

45.     Numerous individuals were victimized by this pattern, practice, and policy that is a willful violation of the FLSA and the MWA.

46.     Numerous other individuals who worked with Scarpa were paid in the same manner, performed similar work, and were not properly compensated for all hours worked as required by federal wage laws.

Case 1:21-cv-11952-LTS   Document 1   Filed 12/03/21   Page 6 of 13


47.     Based on her experiences and tenure with Eliassen, Scarpa is aware that Eliassen's illegal practices were imposed on the Putative Class Members.

48.     Eliassen employed dozens of employees across the country, and also employed dozens of Massachusetts Workers in Massachusetts. As a result, joinder of their individual claims is impracticable, and a class and collective action serves the interests of judicial economy.

49.     The Putative Class Members were not paid overtime when they worked more than 40 hours per week.

50.     Eliassen is an "employer" of Scarpa and the Putative Class Members.

51.     Eliassen's failure to pay overtime at the rates required by state and/or federal law results from generally applicable, systematic policies, and practices which are not dependent on the personal circumstances of the Putative Class Members.

52.     Scarpa's experiences are therefore typical of the experiences of the Putative Class Members.

53.     The specific job titles or precise job locations of the various members of the Putative Class Members do not prevent class or collective treatment.

54.     Scarpa has no interests contrary to, or in conflict with, the Putative Class Members.

55.     Like each Putative Class Member, Scarpa has an interest in obtaining the unpaid overtime wages owed under state and/or federal law just like the Putative Class Members.

56.     The precise size and the identity of other Putative Class Members is ascertainable from the business records, tax records, and/or employee or personnel records maintained by Eliassen.

57.     A class and collective action, such as the instant one, is superior to other available means for fair and efficient adjudication of the lawsuit.

58.     Absent a class and collective action, many Putative Class Members will not obtain redress of their injuries and Eliassen will reap the unjust benefits of violating the FLSA and MWA.

59.     Furthermore, even if some Putative Class Members could afford individual litigation against Eliassen, it would be unduly burdensome to the judicial system.

60.     If individual actions were required to be brought by each Putative Class Member, it would necessarily result in a multiplicity of lawsuits and would create hardship to Putative Class Members, to Eliassen, and to the Court.

61.     Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the Putative Class Members and provide for judicial consistency.

62.     The questions of law and fact common to Scarpa and each of Putative Class Members predominate over any questions affecting solely the individual members. Among the common questions of law and fact are:

a.     Whether Eliassen employed the members of the class within the meaning of the FLSA and MWA

b.     Whether Scarpa and the Putative Class Members are similarly situated;

c.     Whether Eliassen required Scarpa and the Putative Class Members to work more than 40 hours during individual work weeks;

d.     Whether Eliassen's decision to classify Scarpa and the Putative Class Members as exempt was made in good faith;

e.     Whether Eliassen failed to pay Scarpa and the Putative Class Members at a rate of one and one-half times their regular rate of pay when they worked more than 40 hours in a single workweek;

f.     Whether Eliassen's violation of the FLSA was willful; and

g.     Whether Eliassen's illegal pay practices were applied to Scarpa and the Putative Class Members.

63.     Scarpa and the Putative Class Members sustained damages arising out of Eliassen's illegal and uniform employment policy.

64.     Scarpa knows of no difficulty that will be encountered in the management of this litigation that would preclude its ability to go forward as a collective or class action.

65.     Scarpa will fairly and adequately represent and protect the interests of the Putative Class Members.

66.     Although the issue of damages may be somewhat individual in character, there is no detraction from the common nucleus of liability facts. Therefore, this issue does not preclude collective action treatment.

## CAUSES OF ACTION
## FLSA VIOLATIONS

67.     Scarpa incorporates the preceding paragraphs by reference.

68.     By failing to pay Scarpa and the Putative Class Members overtime at one-and-one-half times their regular rates, Eliassen violated the FLSA's overtime provisions.

69.     Eliassen owes Scarpa and the Putative Class Members overtime pay at the proper overtime rate.

70.     Because Eliassen knew, or showed reckless disregard for whether, its pay practices violated the FLSA, Eliassen owes these wages for at least the past three years.

71.     Eliassen is liable to Scarpa and the Putative Class Members for an amount equal to all unpaid overtime wages as liquidated damages.

72.     Scarpa and the Putative Class Members are entitled to recover all reasonable attorneys' fees and costs incurred in this action.

## MWA VIOLATIONS

73.     Scarpa incorporates the preceding paragraphs by reference.

74.     Scarpa brings this claim under the MWA as a Rule 23 class action.

75.     The conduct alleged violates the MWA (M.G.L. c. 151, §1A).

76.     At all relevant times, Eliassen was subject to the requirements of the MWA.

77.     At all relevant times, Eliassen employed Scarpa and each Massachusetts Worker as an "employee" within the meaning of the MWA.

78.     The MWA requires employers like Eliassen to pay employees at one-and-one-half times their regular rates for hours worked in excess of 40 hours in any workweek.

79.     Scarpa and the Massachusetts Workers are entitled to overtime pay under the MWA.

80.     Eliassen had a policy and practice of failing to pay these workers overtime for hours worked in excess of 40 hours per workweek.

81.     Scarpa and the Massachusetts Workers seek unpaid overtime in amount equal one-and-one-half times their regular rates for work performed in excess of 40 hours in a workweek, prejudgment interest, all available penalty wages, and such other legal and equitable relief as the Court deems just and proper.

82.     The improper pay practices at issue were part of a continuing course of conduct, entitling Scarpa and the Massachusetts Workers to recover for all such violations, regardless of the date they occurred.

83.     As a direct and proximate cause of Eliassen's conduct, Scarpa and the Massachusetts Workers have incurred significant financial damages.

84.     Pursuant to M.G.L. c. 151, §1A., Eliassen is liable to Plaintiff and the Massachusetts Workers for three times the amount of any unpaid compensation plus costs and reasonable attorneys' fees.

## JURY DEMAND

85.     Scarpa demands a Jury trial.

### PRAYER

86.   Scarpa prays for relief as follows:

a.   For an order allowing this action to proceed as a FLSA collective action and directing notice to the class;

b.   For an order pursuant to section 16(b) of the FLSA finding Eliassen liable for all unpaid overtime and an equal amount of liquidated damages;

c.   For an order designating the Massachusetts Workers MWA claims as a class action pursuant to FED. R. CIV. P. 23;

d.   For an order finding Eliassen liable for all unpaid overtime wages owed under the MWA and treble damages pursuant to section 150 of the MWA;

e.   For an order appointing Scarpa and her counsel to represent the interests of the federal collective and the Rule 23 Class;

f.   For an order awarding Scarpa and the Putative Class Members their costs;

g.   For an order awarding Scarpa and the Putative Class Members their attorneys' fees;

h.   For an order awarding Scarpa and the Putative Class Members pre- and post-judgment interest at the highest rates allowed by law; and

i.   For an order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

By: */s/ Philip J. Gordon*
**Philip J. Gordon**
Mass. BBO# 630989
**Kristen M. Hurley**
Mass. BBO# 658237
**GORDON LAW GROUP, LLP**
585 Boylston St.
Boston, MA 02116
617-536-1800 – Telephone
617-536-1802 – Facsimile
pgordon@gordonllp.com
khurley@gordonllp.com

AND

10

**Michael A. Josephson**
State Bar No. 24014780
(*pro hac vice forthcoming*)
**Andrew W. Dunlap**
State Bar No. 24078444
(*pro hac vice forthcoming*)
**Rachael Rustmann**
State Bar No. 24056278
(*pro hac vice forthcoming*)
**JOSEPHSON DUNLAP LLP**
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
713-352-1100 – Telephone
713-352-3300 – Facsimile
mjosephson@mybackwages.com
adunlap@mybackwages.com
rrustmann@mybackwages.com

AND

Richard J. (Rex) Burch
Texas Bar No. 24001807
(*pro hac vice forthcoming*)
**BRUCKNER BURCH, PLLC**
11 Greenway Plaza, Suite 3025
Houston, Texas 77046
713-877-8788 – Telephone
713-877-8065 – Facsimile
rburch@brucknerburch.com

**ATTORNEYS IN CHARGE FOR PLAINTIFF AND
PUTATIVE CLASS MEMBERS**

# EXHIBIT   A

**FAIR LABOR STANDARDS ACT EMPLOYMENT SERVICES CONSENT**

Print Name: ___Angela Scarpa_____

1. I hereby consent to make a claim against ___Eliassenn Group_____
   to pursue my claims of unpaid overtime during the time that I worked with the company.

2. I designate the law firm and attorneys at JOSEPHSON DUNLAP, LLP and BRUCKNER BURCH PLLC as my attorneys to prosecute and make decisions concerning my wage claims, the manner and method of conducting this litigation, the entering of an agreement with Plaintiffs' counsel concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit.

3. I authorize the law firm and attorneys at JOSEPHSON DUNLAP, LLP and BRUCKNER BURCH PLLC to use this consent to file my claim in a separate lawsuit, class/collective action, or arbitration against ___Eliassenn Group_____.

4. I understand that, by filing this Consent Form, I will be bound by the Judgment of the Court or arbitrator on all issues in this case.

Signature: _*Angela Scarpa*_____
Angela Scarpa (Mar 17, 2021 16:02 EDT)

Date Signed: ___Mar 17, 2021_____